## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SABRINA HALL, Individually and** ) | |
| **on Behalf of All Those Similarly Situated,** ) | |
| ) | **Case No.:_____** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **MASON TRANSPORTATION SERVICES, INC.,** ) | |
| **K&J AUTO LOGISTICS, INC., and** ) | |
| **KEMBERT MASON, Jointly and Severally,** ) | |
| ) | |
| **Defendants.** ) | |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Sabrina Hall, individually and on behalf of all others similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, and alleges as follows:

### NATURE OF THE ACTION

1.     Defendants operate a logistics company called Mason Transportation Services, Inc. (formerly called K&J Auto Logistics, Inc.).

2.     Plaintiff worked for Defendants as a general manager.

3.     Plaintiff was paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout her employment.

4.     The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress. is unknown at this time.

5.     Plaintiff brings this action on behalf of herself and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to her pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performed work for Mason Transportation Services, Inc., located at 4509 Amberleaf Walk, Lilburn, GA, 30047, USA, which is in Gwinnett County.

2

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

9.     Plaintiff, Sabrina Hall, was at all relevant times, an adult individual residing at 507 North ridge Road, condo A, Sandy Springs, 30350, which is in Fulton County.

**Defendants:**

10.    Defendant Mason Transportation Services, Inc., is an active Georgia corporation. Its principal place of business is 4509 Amberleaf Walk, Lilburn, GA, 30047, USA, which is in Gwinnett County.

11.    Defendant K&J Auto Logistics, Inc., is an active Georgia corporation. Its principal place of business is 6387 Roosevelt Hwy, Union City, GA, 30291, USA, which is in Fulton County.

12.    Upon information and belief, Defendant Kembert Mason is an owner, officer, director and/or managing agent of Mason Transportation Services, Inc. (formerly K&J Auto Logistics, Inc.). Mr. Mason's address is unknown at this time.

13.    Kembert Mason (the "Individual Defendant") participated in the day-to-day

operations of Mason Transportation Services, Inc. (formerly K&J Auto Logistics, Inc.), and acted intentionally and maliciously. Mr. Mason is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and is jointly and severally liable with Mason Transportation Services, Inc.(formerly called K&J Auto Logistics, Inc.) (the "Corporate Defendants").

14.    Upon information and belief, the Individual Defendant jointly set the unlawful payroll policies complained of in this complaint for all the Corporate Defendants.

15.    At all relevant times, Defendants have been employers of Plaintiff, and/or joint employers within the meaning of the FLSA.

16.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

17.    Additionally, upon information and belief, at all relevant times, Defendants have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, in that they operate a logistics company that moves good across from various parts of the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

18.    At all relevant times, Defendants have been in the logistics industry, servicing clients' needs by moving various goods across the United States.

19.    Upon information and belief, the Individual Defendant handles payroll and record keeping for Mason Transportation Services, Inc., and is actively involved with the Corporate Defendant's day-to-day operations.

20.    Plaintiff Hall was employed by Defendants as a general manager. Ms. Hall's job duties included: coordinating truck drivers, processing contracts, handling bills and invoices, and ensuring proper insurance coverage and payroll for all employees in the company. During Ms. Hall's employment with K&J Auto Logistics, Inc., the company changed its name to Mason Transportation Services, Inc. Ms. Hall was employed with Mason Transportation Services, Inc. from March 1, 2017 to August 8, 2017 (23 weeks).

21.    Ms. Hall would be required to answer phone calls and e-mails from drivers and her supervisors before her shift, after her shift, and also on weekends.

22.    As a result of these around-the-clock work requirements, Ms. Hall would generally work 7:30 a.m. to 11 p.m., Monday through Friday.

23.    Ms. Hall was paid an hourly wage of $15 per hour, and worked 93 hours per week. This amounts to 40 regular hours, and 53 overtime hours per week.

24.    Ms. Hall was usually paid $600 per week by check during her employment.

25.    However, Ms. Hall would also receive cash payments in various amounts each week, to compensate her for hours worked in addition to 40 hours. Despite these cash payments, Defendants have failed to pay overtime wages to Plaintiff for all hours worked.

26.    Plaintiff was paid straight-time for all hours worked, despite working well in excess of 40 hours per week.

27.    This failure to pay overtime wages to this hourly employee can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

28.    Ms. Hall worked 93 hours per week, which includes 40 regular hours and 53 overtime hours. Ms. Hall was only paid "straight-time" for the first 40 hours worked, and did not receive overtime regular and premium pay as required by the FLSA. Her rate of pay was $15 per hour, so her "one-and-half-times-rate" is $22.50 per hour,

for the purposes of computing overtime.[1] 53 overtime hours multiplied by $22.50

one-and-half-times-rate, equals $1,192 unpaid overtime per week. Ms. Hall was

employed 23 weeks by Defendants. 23 weeks multiplied by $1,192 unpaid overtime

per week, equals $27,427.50 in unpaid overtime wages. If the Court grants liquidated

damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are

$27,427.50 plus $27,427.50, which equals $54,855.

29.    Therefore, Plaintiff Hall is owed a total of $54,855.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her First Cause of

Action as a collective action under the FLSA on behalf of herself and the following

collective:

> All persons employed by Defendants, at any time since December 18,
> 2017, and through the entry of judgment in this case (the "Collective
> Action Period") who worked as general managers, office managers,
> dispatchers, and all other similarly situated hourly employees (the
> "Collective Action Members").

31.    A collective action is appropriate in this circumstance because Plaintiff and

the Collective Action Members are similarly situated, in that they were all subjected

---

[1] The one-and-half-times-rate is determined by multiplying the regular rate of pay by 1.5.

7

to Defendants' illegal policy of failing to pay overtime wages for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime payments for all hours worked in excess of 40 hours per week.

32.    The exact number of employees who have suffered the same unpaid overtime wage injury as Plaintiff, and have yet to receive redress, is unknown at this time.

## FIRST CAUSE OF ACTION
## <u>FAIR LABOR STANDARDS ACT – UNPAID OVERTIME</u>

33.    Plaintiff, on behalf of herself, the Collective Action Members, and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

34.    As a result of Defendants' failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiff and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

35.    Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

36.    The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiff respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 18, 2017

Respectfully submitted,

**<u>s/ Brandon A. Thomas</u>**
 **BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com